**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DUSTIN GARNER, personal representative
of the Estate of Belinda Gail Garner, deceased,

Plaintiff,

v. No. 2:26-cv-0832 MLG/DLM

PLATFORM ENERGY III, LLC,

Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Pro se Plaintiff Dustin Garner filed a lawsuit in New Mexico state court as Personal Representative of the Estate of Belinda Gail Garner. Defendant Platform Energy III, LLC properly removed the lawsuit under this Court's diversity jurisdiction. In May 2026, the Court gave Garner notice that this district's local rules require that an estate be represented by an attorney. Six months later, Garner has not secured counsel and instead seeks remand. Because Garner presents no adequate reason under the law for the Court to grant remand, I recommend[1] the motion to remand be **DENIED**.

## I. Relevant Background

On February 17, 2026, Plaintiff Dustin Garner, acting in a pro se capacity, filed this lawsuit as Personal Representative of the Estate of Belinda Gail Garner, deceased, in the Fifth Judicial District Court, Lea County, New Mexico. (*See* Doc. 1-3 at 5.) The Summons and Complaint were served on Defendant Platform Energy III, LLC on February 19, 2026 (*see* Doc. 1-4 at 3), and Platform timely removed the lawsuit to this Court on the basis of diversity on March 20, 2026 (*see*

[1] On August 24, 2026, United States District Judge Matthew L. Garcia referred this lawsuit to the undersigned "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court decisions on substantive motions and an ultimate disposition of the case." (Doc. 28.)

Doc. 1 at 1–3 (asserting that Plaintiff is a citizen of New Mexico and Platform is a citizen of Texas for purposes of diversity).)

On March 24, 2026, the Court entered an order stating that the local rules require that "[a] corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court." (Doc. 7 at 1 (quoting D.N.M. LR-Civ. 83.7).) The Court explained that Garner, who is not an attorney authorized to practice before this Court, "may not represent [Belinda G. Garner's] estate unless [he] is the sole beneficiary and the estate has no creditors." (*Id.* (quoting *Schultz v. Purdue Pharma*, No. 1:21-cv-0140 MV/GBW, 2021 WL 698720, at *2 (D.N.M. Feb. 23, 2021)) (subsequent citations omitted).) The Court ordered Garner to show cause why the lawsuit should not be dismissed or demonstrate that it was appropriate to proceed either by having an attorney enter an appearance or by documenting that his representation of the Estate was proper. (*Id.* at 2.) In his response to the Order to Show Cause, Garner asked the Court to allow him additional time to obtain counsel or, alternatively, to dismiss the lawsuit without prejudice so that he could continue the lawsuit in state court.[2] (*See* Doc. 12 at 1.) Garner confirmed that he is not the sole beneficiary of the Estate. (*See id.* at 3–4.)

On May 13, 2026, the Court held a status conference for Garner to provide an update on his efforts to obtain counsel. (Doc. 17.) Garner stated that he had contacted numerous firms, but he has not yet secured representation. (*See id.* at 1.) The Court gave Garner a 30-day deadline to have an attorney enter an appearance and directed him to "refrain from filing pleadings unless and until counsel appears on behalf of the Estate." (*See* Doc. 18 at 1.) Garner failed to meet that deadline.

---

[2] As the Court explains in an Order to Show Cause filed contemporaneously with these Proposed Findings and Recommended Disposition, given the age of the incidents at issue in the Complaint, it is possible that a dismissal without prejudice may effectively constitute a dismissal *with* prejudice if the statutes of limitations have run on the claims.

On June 23, 2026, the Court set a hearing and ordered Garner to appear and show cause "why this action should not be dismissed for failure to secure counsel to represent the Estate." (Doc. 20 at 2.) Garner stated that although he had put considerable effort into finding an attorney, he had not found counsel to represent the Estate. (*See* Doc. 22.)

On July 13, 2026, Platform moved to dismiss. (Doc. 21.) The Court will consider Platform's motion separately.

## II. Analysis

Removal of a lawsuit is appropriate where the action "satisfies the requirements for original federal jurisdiction . . . ." *Archuleta v. Taos Living Ctr., LLC*, 791 F. Supp. 2d 1066, 1070 (D.N.M. 2011) (discussing 28 U.S.C. § 1441(a)). This Court has diversity jurisdiction of a matter where all parties are "citizens of different States" and "the matter in controversy exceeds" $75,000. 28 U.S.C. § 1332(a). It is Platform's burden to establish that diversity jurisdiction exists. *See Archuleta*, 791 F. Supp. 2d at 1071 (quoting *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002)).

Garner does not dispute that the Court has diversity jurisdiction over this lawsuit. (*See* Docs. 8; 16.) Instead, he argues remand is appropriate because the lawsuit involves state law claims and real property situated in New Mexico and because compelling interests favor adjudication in state court. (*See* Doc. 8 at 2.) The undersigned is unpersuaded.

First, the "purpose of diversity jurisdiction is to protect out-of-state defendants from possible home-town prejudice of jurors from the plaintiff's state." *See McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008). Thus, it makes no difference that this lawsuit contains state law claims and involves real property located in New Mexico. (*See* Doc. 8 at 5–7.) Diversity jurisdiction is appropriate, and Garner cites no authority to suggest otherwise.

Next, Garner questions the timing of removal. (*See id.* at 8.) He argues that Platform "waited nearly a month" to remove the matter, evidencing its motivation "to impose the procedural burdens of federal practice on a pro se plaintiff." (*See id.*) Yet Garner does not contend that removal, which Platform accomplished within 30 days of receipt of the summons and complaint, was untimely under 28 U.S.C. § 1446(b)(1). (*See id.*) Thus, this argument is a nonstarter.

Garner also contends that remand furthers judicial economy and the interests of justice. (*See id.* at 8–9.) He asserts that the state "case was progressing toward resolution before removal interrupted it." (*Id.* at 8.) Yet he also acknowledges that Platform removed the lawsuit before its answer was due. (*See id.*) Thus, there is no indication that significant resources have been invested in either court.

Garner further states that there is a related action pending in state court, and "[a]djudicating both matters in the same state court system would promote efficiency and avoid inconsistent results." (*See id.* at 9.) Garner does not provide a case number, but the Court has located the lawsuit he is likely referencing: *Garner v. Permian Resources Operating, LLC*, D-506-cv-202501057 (5th Jud. Dist. N.M. Sept. 26, 2025). Having reviewed the docket of that case, the undersigned finds that Garner's argument falls flat: not only do the cases involve different parties (Garner appears in his individual capacity, not in his capacity as Personal Representative for the Estate), but more importantly, Garner's case against Permian Resources Operating, LLC has been dismissed for lack of prosecution.

Finally, Garner contends that he was "properly prosecuting this action pro se as the Estate's Personal Representative" in state court because state court rules do not require the Estate to have counsel. (*See* Doc. 8 at 4 (discussing this Court's Local Rule 83.7 and Orders to Show Cause and asserting that "no such impediment existed in the state court proceeding"); *see also* Doc. 16 at 2–

3.) While not called upon to make such a finding, the undersigned harbors doubts about whether Garner may lawfully prosecute this lawsuit in a pro se capacity in New Mexico state court. *See, e.g.*, *Sena v. Nieto*, No. A-1-CA-38445, 2020 WL 3888983, at *1 (N.M. Ct. App. July 7, 2020) ("propos[ing] to hold that [the uncounseled personal representative] cannot represent the estate pro se in [the state appellate c]ourt"); *cf. Dolvin v. Rueckhaus*, No. 34,798, 2017 WL 627258, at *2 (N.M. Ct. App. Jan. 12, 2017) (noting that, while the issue has not been decided in New Mexico, "in other jurisdictions [the] pro se representation [of an estate by a non-attorney personal representative] has been prohibited as the unauthorized practice of law") (citation omitted). Garner cites state statutes that authorize the personal representative of an estate to "prosecute or defend claims or proceedings" on behalf of the estate and provide that the personal representative has the same standing to sue as the decedent. (*See* Doc. 16 at 2–3 (quoting N.M. Stat. Ann. § 45-3-715(22)) (citing N.M. Stat. Ann. § 45-3-703).) Yet these statutes make no provision for the *pro se* representation of an estate by a personal representative. *Cf., e.g.*, *Martinez v. Roscoe*, 33 P.3d 887, 889 (N.M. Ct. App. 2001) (explaining that a New Mexico statute "provides a mechanism for determining who may make a decision on behalf of [a corporate entity] to bring a lawsuit" but "does not allow a member who is not a licensed attorney to provide legal representation for the company"); *Chisholm v. Rueckhaus*, 948 P.2d 707, 709 (N.M. Ct. App. 1997) ("The authority to represent another as a party does not equal the authority to practice law on their behalf.") (citations omitted). In other words, Garner's argument that removal created this impediment or results in inequity is dubious at best, as the authorities discussed above suggest that the same result would occur in state court.

For the foregoing reasons, the undersigned finds Garner's Motion to Remand unavailing.

**IT IS HEREBY RECOMMENDED** that the Court **DENY** Garner's Motion to Remand

to State Court (Doc. 8).

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE