**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DUSTIN GARNER, personal representative
of the Estate of Belinda Gail Garner, deceased,

Plaintiff,

v. No. 2:26-cv-0832 MLG/DLM

PLATFORM ENERGY III, LLC,

Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Pro se Plaintiff Dustin Garner filed a lawsuit in state court as Personal Representative of the Estate of Belinda Gail Garner. Defendant Platform Energy III, LLC properly removed the lawsuit under this Court's diversity jurisdiction. In May 2026, the Court gave Garner notice that this district's local rules require that an estate be represented by an attorney. Six months later, Garner has not secured counsel.

Platform asks the Court to dismiss the lawsuit with prejudice. (Doc. 21.) For the reasons outlined below, the undersigned recommends[1] that the Court grant Platform's motion in part and dismiss the lawsuit without prejudice.

## I. Relevant Background

On February 17, 2026, Plaintiff Dustin Garner, acting in a pro se capacity, filed this lawsuit as Personal Representative of the Estate of Belinda Gail Garner, deceased, in the Fifth Judicial District Court, Lea County, New Mexico. (*See* Doc. 1-3 at 5.) The Summons and Complaint were served on Defendant Platform Energy III, LLC on February 19, 2026 (*see* Doc. 1-4 at 3), and

[1] On April 24, 2026, United States District Judge Matthew L. Garcia referred this lawsuit to the undersigned "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court decisions on substantive motions and an ultimate disposition of the case." (Doc. 28.)

Platform timely removed the lawsuit to this Court on the basis of diversity on March 20, 2026 (*see* Doc. 1 at 1–3 (asserting that Plaintiff is a citizen of New Mexico and Platform is a citizen of Texas for purposes of diversity).)

On March 24, 2026, the Court entered an order stating that the local rules require that "[a] corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court." (Doc. 7 at 1 (quoting D.N.M. LR-Civ. 83.7).) The Court thus explained that Garner, who is not an attorney authorized to practice before this Court, "may not represent [Belinda G. Garner's] estate unless [he] is the sole beneficiary and the estate has no creditors." (*Id.* (quoting *Schultz v. Purdue Pharma*, No. 1:21-cv-0140 MV/GBW, 2021 WL 698720, at *2 (D.N.M. Feb. 23, 2021)) (subsequent citations omitted).) The Court ordered Garner to show cause why the lawsuit should not be dismissed or demonstrate that it was appropriate to proceed either by having an attorney enter an appearance or by documenting that his representation of the Estate was proper. (*Id.* at 2.) In his response to the Order to Show Cause, Garner asked the Court to allow him additional time to obtain counsel or, alternatively, to dismiss the lawsuit without prejudice so that he could continue the lawsuit in state court. (*See* Doc. 12 at 1.) Garner confirmed that he is not the sole beneficiary of the Estate. (*See id.* at 3–4.)

On May 13, 2026, the Court held a status conference for Garner to provide an update on his efforts to obtain counsel. (Doc. 17.) Garner stated that he had contacted numerous firms, but he had not yet secured representation. (*See id.* at 1.) The Court gave Garner a 30-day deadline to have an attorney enter an appearance and directed him to "refrain from filing pleadings unless and until counsel appears on behalf of the Estate." (*See* Doc. 18 at 1.) Garner failed to meet that deadline.

On June 23, 2026, the Court set a hearing and ordered Garner to appear and show cause "why this action should not be dismissed for failure to secure counsel to represent the Estate." (Doc. 20 at 2.) Garner stated that although he had put considerable effort into finding an attorney, he had not found counsel to represent the Estate. (*See* Doc. 22.)

On April 17, 2026, Garner moved to remand the case to state court. (Doc. 8.) The undersigned entered Proposed Findings and Recommended Disposition (PFRD), recommending that the Court deny the motion. (Doc. 30.) The undersigned simultaneously filed an Order to Show Cause, explaining that even if the Court dismisses this lawsuit without prejudice, there is a possibility—given the age of the incidents at issue in this case—that the statute of limitations may have run on Garner's claims, effectively making the dismissal one *with* prejudice. (*See* Doc. 31 at 1–2 (citing, *e.g.*, *Rathbun v. Bannister*, No. 2:22-cv-0053 RB/JHR, 2023 WL 6929139, at *2 (D.N.M. Oct. 19, 2023)).) Accordingly, the Court gave Garner one last opportunity to obtain counsel. (*See id.* at 2.) The Court cautioned Garner that failure to have an attorney enter an appearance by the deadline "will result in the undersigned recommending that the Court dismiss this matter under Federal Rule of Civil Procedure 41(b), which may result in some or all claims being time-barred by applicable statutes of limitations." (*Id.*)

On November 23, 2026, Garner filed Objections to the PFRD and responded to the Order to Show Cause. (Docs. 32–33.) Garner confirms that he will be unable to secure counsel before the Court's deadline and again asks that the Court dismiss the matter without prejudice. (*See* Docs. 32–33.)

On July 13, 2026, Platform filed a Motion to Dismiss, seeking a dismissal of this lawsuit with prejudice. (Doc. 21.) Garner did not respond to the Motion to Dismiss but explained at the

show cause hearing that it was his understanding the Court had prohibited him from responding. (*See* Doc. 22.) The Court does not, therefore, consider the Motion to Dismiss to be unopposed.

## II. Analysis

The Court should dismiss this lawsuit without prejudice under Federal Rule of Civil Procedure 41(b) for failure to retain counsel and failure to comply with the Court's orders. Garner does not dispute that he may not, as a pro se litigant, represent the interests of the Estate in this Court. *See Schultz*, 2021 WL 698720, at *2. (*See also* Docs. 8; 16.) Consequently, Garner's prosecution of the Estate's claims "run[s] afoul of Local Rule 83.7 . . . ." *Flores v. Chaves Cnty. Sheriff's Off.*, No. 2:23-cv-0762 MLG/GJF, 2024 WL 808835, at *2 (D.N.M. Feb. 26, 2024), *R&R adopted sub nom.*, 2024 WL 5715921 (D.N.M. Mar. 12, 2024); *see also Est. of Wooten v. Fid. Nat'l Title of N.M., Inc.*, No. 1:25-cv-0692 WJ/JMR, 2026 WL 2766898, at *1 (D.N.M. Sept. 17, 2026).

Moreover, it is clear that Garner has not complied with the Court's orders to retain counsel for the Estate, having been given multiple opportunities to do so. Federal Rule of Civil Procedure 41(b) permits a court, either pursuant to a motion to dismiss or sua sponte, to "dismiss a claim or action . . . for failure to prosecute it or to comply with court orders." *Pratt v. Franco*, No. 1:18-cv-0524 MV/KK, 2022 WL 444255, at *1 (D.N.M. Feb. 14, 2022) (citing Fed. R. Civ. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "'Employing Rule 41(b) to dismiss a case without prejudice . . . allows the plaintiff another go' at prosecution or compliance; 'accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures,' such as evaluation of the *Ehrenhaus* factors." *Id.* (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007)) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

The Court repeatedly warned Garner that failure to secure counsel could result in dismissal of this lawsuit. (*See, e.g.*, Docs. 7; 17–18; 20; 30–31.) Given Garner's failure to comply with the orders to secure counsel, and because he affirmatively seeks remand or dismissal without prejudice, I recommend that the Court dismiss this matter without prejudice under Rule 41(b).

Platform urges the Court to dismiss the matter *with* prejudice. (*See* Doc. 21 at 2–3.) It argues that the *Ehrenhaus* factors weigh in favor of a dismissal with prejudice. (*See id.*) I find Platform's argument unavailing. This matter has been pending for less than a year, and Garner has actively participated in the lawsuit to the best of his abilities. While Garner has not complied with orders to obtain counsel, he has made extensive efforts to do so. Consequently, the undersigned finds a dismissal without prejudice is appropriate. *See, e.g.*, *Est. of Wooten*, 2026 WL 2766898, at *2.

**IT IS HEREBY RECOMMENDED** that the Court **GRANT IN PART** Platform's Motion to Dismiss (Doc. 21) and **DISMISS** this lawsuit **WITHOUT PREJUDICE**.

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE